IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| RAY D. HURT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PWG-16-2506 |
| FOURTH CIRCUIT COURT OF MARYLAND<br>DISTRICT COURT OF MARYLAND-<br>GREENBELT | *<br><br>* | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

The above-entitled civil rights action was filed on July 11, 2016, Compl., ECF No. 1, together with a motion to proceed in forma pauperis, ECF No. 2. Because Plaintiff appears to be indigent, his motion will be granted. For the reasons that follow, the complaint must be dismissed.

Plaintiff asserts that this Court and the Fourth Circuit Court of Appeals violated his Seventh Amendment right to a jury trial on past civil rights claims filed in this court and later appealed. Compl. 1. He alleges that in Civil Action DKC-13-747, which he filed in March 2013 and appealed under Case No. 13-7620, the courts improperly found that no genuine dispute of material fact existed with respect to the underlying claim that prison medical care providers failed to diagnose the cause of his weight loss. *Id.* In addition to the complaint, which seeks monetary damages and a criminal investigation of Civil Action DKC-13-747, Plaintiff attaches what appears to be a petition for writ of certiorari. Pet., ECF No. 1-1. In the attachment Plaintiff addresses what he believes to be the evidence that supports his allegation that the cause of his weight loss has not been properly diagnosed. *Id.*

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–723 (4th Cir. 1989). Moreover,

> the court shall dismiss a case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)

The instant complaint seeks damages against Defendants who are immune from suit. The Courts are not "persons" within the meaning of 42 U.S.C. § 1983 which provides that

> [e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation

of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983 (emphasis added). If Plaintiff were permitted to amend the complaint to add as Defendants the individual jurists he holds responsible for the alleged erroneous handling of his cases, the complaint would still fail because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226–27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). Further appellate review of a decision by a Circuit Court of Appeals is accomplished through filing a Petition for Writ of Certiorari with the United States Supreme Court. *See* U.S. Sup. Ct. Rule 12. A separate civil action, such as the instant complaint, is not the appropriate avenue of review.

Because this case is being dismissed under 28 U.S.C. § 1915(e), a "strike" must be issued. Plaintiff is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A separate Order follows.

9 August 2016
Date

Paul W. Grimm
United States District Judge

3